```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION
And WELFARE FUNDS,

                          Plaintiffs,            ORDER
        -against-
                                                 13 CV 5557 (DRH) (ARL)

MANHATTAN CONCRETE STRUCTURES, INC.,

                          Defendant.
----------------------------------------------------------X
```

**HURLEY, Senior District Judge:**

Plaintiffs Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("plaintiffs" or the "Funds") commenced this action against Manhattan Concrete Structures, Inc. ("defendant") pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185; Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1); and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Plaintiffs seek to enforce an arbitration award finding that defendant owed benefit contributions to the Funds pursuant to a collective bargaining agreement.

After the defendant's default was noted by the Clerk of Court pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), plaintiffs moved for entry of a default judgment under Rule 55(b). On April 14, 2014, Judge Nina Gershon granted the motion for default judgment and referred the case to Magistrate Judge Roanne L. Mann for a determination on damages. On April 25, 2014, however, the case was transferred to this Court and on April 28, 2014, the Court referred the case to Magistrate Arlene R. Lindsay to issue a Report and Recommendation as to the appropriate

amount of damages, costs, and/or fees, if any, to be awarded.

On August 6, 2014, Judge Lindsay issued a Report and Recommendation confirming the amount of damages set forth in the Arbitration Award. Specifically, Judge Lindsay's Order set forth that the following damages be awarded: (1) $42,071.22, the amount of the underlying arbitration award; (2) $961.64 in interest; (3) $1,106.00 in attorneys' fees; and (4) $467.50 in costs. Judge Lindsay also directed that "defendant and its officers make available to plaintiffs or their authorized representatives any and all books and records plaintiffs deem necessary to conduct an audit for the period running from December 6, 2012 through June 22, 2013." (Report and Recommendation at 11.) More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the August 6, 2014 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Therefore, the Court adopts the Report and Recommendation of Judge Lindsay as is set forth therein. Accordingly, the Court hereby directs that default judgment be entered in favor of plaintiffs and against defendant for the following damages:

(1) $42,071.22 in the amount of the underlying arbitration award;

(2) $961.64 in interest;

(3) $1,106.00 in attorneys' fees; and

(4) $467.50 in costs.

Additionally, defendant and its officers are to make available to plaintiffs or plaintiffs' authorized representatives, within 30 days of this Order, any and all books and records plaintiffs deem necessary to conduct an audit for the period running from December 6, 2012 through June 22,

2013. Upon entry of judgment, the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 23, 2014

/s/
Denis R. Hurley
Unites States District Judge